OPINION
{¶ 1} Appellant, David Carroll, and appellee, Linda Carroll, were married on June 12, 1971. On September 12, 2000, appellant filed a complaint for divorce. Hearings before a magistrate were held on April 15, May 20, and May 21, 2002. By decision filed February 26, 2003, the magistrate recommended a division of property and spousal support to appellee in the amount of $3,500.00 per month for five years and then $2,833.00 for three years. Both parties filed objections to the magistrate's decision. By judgment entry filed October 6, 2003, the trial court granted some of the objections, modifying the spousal support award to $3,500.00 per month for three years and then $2,833.00 for five years. In arriving at this figure, the trial court found appellant's income to be $100,000.00 per year and imputed income to appellee in the amount of $20,000.00. The trial court retained jurisdiction over the spousal support issue. This court affirmed the trial court's decision. See, Carroll v.Carroll, Delaware App. No. 04CAF05035, 2004-Ohio-6710.
 {¶ 2} On February 17, 2004, appellee filed a motion for contempt, claiming appellant was in arrears on the spousal support obligation. On March 30, 2004, appellant filed a motion to modify the spousal support award, claiming his income had decreased. On April 8, 2004, appellee also filed a motion to modify the spousal support award. On August 9, 2004, appellant filed a motion for reconciliation of arrears, seeking credit for payments he had made from February 1, 2003 to October 6, 2003. A hearing before a magistrate was held on February 11, 2005. By decision filed June 6, 2005, the magistrate recommended that appellant pay appellee spousal support in the amount of $3,500.00 per month for eight years, thus eliminating the reduction after three years. The magistrate also found appellant in contempt for failing to remain current on his spousal support obligation, and awarded appellee $15,000.00 for attorney fees. Appellant filed objections. By judgment entry filed November 7, 2005, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S DECISION WHICH HAD FAILED TO CREDIT THE PLAINTIFF WILL (SIC) ALL SUMS PAID UNDER TEMPORARY ORDERS WHEN RECONCILING THE TEMPORARY ORDERS WITH THE RETROACTIVE PERMANENT SPOUSAL SUPPORT ORDER."
 II {¶ 5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S DECISION WHICH HAD FAILED TO APPROPRIATELY CONSIDER THE FACTORS FOR AN AWARD OF SPOUSAL SUPPORT AS SET FORTH IN O.R.C. 3105.18."
 III {¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S DECISION WHICH HAD FAILED TO GRANT TO THE PLAINTIFF A REDUCTION IN SPOUSAL SUPPORT DUE TO THE PLAINTIFF'S DECREASED EARNING CAPACITY AND IMPUTED INCOME OF $100,000 PER YEAR DESPITE THE UNDISPUTED EVIDENCE TO THE CONTRARY."
 IV {¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S DECISION WHICH HAD FAILED TO GRANT TO THE PLAINTIFF A REDUCTION IN SPOUSAL SUPPORT DUE TO THE UNDISPUTED EVIDENCE THAT THE DEFENDANT WAS PHYSICALLY CAPABLE OF EMPLOYMENT AND FAILED TO IMPUTE INCOME TO THE DEFENDANT."
 V {¶ 8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S DECISION THAT GRANTED THE DEFENDANT'S MOTION TO INCREASE SPOUSAL SUPPORT AND INCREASED DEFENDANT'S SPOUSAL SUPPORT BASED UPON THE DEFENDANT'S HEALTH INSURANCE PREMIUMS."
 VI {¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S DECISION THAT FOUND THE PLAINTIFF IN CONTEMPT FOR FAILURE TO PAY HIS SPOUSAL SUPPORT OBLIGATION WHEN THE UNDISPUTED EVIDENCE SUPPORTED A FINDING OF PLAINTIFF'S INABILITY TO PAY THE SPOUSAL SUPPORT OBLIGATION."
 VII {¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S PURGE ORDER CONCERNING ITS FINDING OF CONTEMPT BECAUSE SAID PURGE ORDER WAS PUNITIVE IN NATURE, EXCESSIVE, AND IMPOSSIBLE TO SATISFY."
 VIII {¶ 11} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S DECISION, WHICH AWARDED $10,000 IN ATTORNEY'S FEES TO THE DEFENDANT."
 IX {¶ 12} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE MAGISTRATE'S DECISION THAT AWARDED $5,000 IN ATTORNEY'S FEES TO THE DEFENDANT AS A RESULT OF THE FILING OF HER MOTION FOR A FINDING OF CONTEMPT AGAINST THE PLAINTIFF."
 X {¶ 13} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF PLAINTIFF, WHEN IT AFFIRMED THE MAGISTRATE'S DECISION THAT PREVENTED THE PLAINTIFF FROM OBTAINING A VOCATIONAL EVALUATION OF THE DEFENDANT BY AN EXPERT OF THE PLAINTIFF'S SELECTION."
 XI {¶ 14} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF THE PLAINTIFF, WHEN IT AFFIRMED THE TIME CONSTRAINTS FOR THE PRESENTATION OF EVIDENCE AT THE TIME OF TRIAL ON FEBRUARY 11, 2005."
 I {¶ 15} Appellant claims the trial court erred in refusing to credit him with sums he paid under the temporary orders. We disagree.
 {¶ 16} The parties entered into an agreed entry on August 1, 2003. Said entry included the following:
 {¶ 17} "3. From the net proceeds realized after the payment of taxes, the Plaintiff shall pay the following:
 {¶ 18} "a. To the Defendant for compliance with the temporary orders issued by the court the sum of $22,000.00 which shall be allocated as follows:
 {¶ 19} "1. $3,095.00 for temporary spousal support
 {¶ 20} "2. $18,905.00 which shall be allocated to the payment of the mortgage, real estate taxes and insurance owed by the Plaintiff pursuant to the terms of the temporary orders of the court, for the year 2002. Upon payment of the aforesaid $18,095.00 the Defendant shall amend her 2002 tax return so as to allow the Plaintiff to claim his portion of the mortgage interest and taxes for 2002 upon his tax return to the extent of the payments made under this order. However, the Defendant shall have the option to treat the payment of $18,095 as additional spousal support and not as a reimbursement of unpaid mortgage interest, taxes and insurance. * * *"
 {¶ 21} In its October 6, 2003 judgment entry overturning and upholding in part the magistrate's February 26, 2003 decision, the trial court held the following:
 {¶ 22} "19. Magistrate's Decision concerning Plaintiff-Husband's Motion for Rule 75 relief is affirmed. Plaintiff-Husband's unpaid Temporary Orders' obligations will be credited against the monies Defendant-Wife owes to the Plaintiff-Husband for property division."
 {¶ 23} We find the affirmation of the August 1, 2003 agreed entry in the October 6, 2003 judgment entry and again in the following November 7, 2005 judgment entry resolved the credit issue under the temporary orders:
 {¶ 24} "The Magistrate found that the Plaintiff-Husband's proposed reconciliation Exhibit A did not comport with the agreed Magistrate's Order filed on August 1, 2003 which provided for the $18,905.00 payment to the Defendant-Wife as and for unpaid mortgage, taxes and insurance which should have paid the Plaintiff-Husband's mortgage, taxes and insurance under obligations current through December 31, 2002, but not with lingering credits to the Plaintiff-Husband before that date. The Plaintiff-Husband's reconciliation on his Exhibit A adds to his running balance items like income tax refund which was outside the Temporary Orders, and he subtracts processing charges in a column labeled Order Amount Pay. In addition, the Plaintiff-Husband is seeking credit for certain health insurance premiums he paid from February 2003 to October 2003, but had not considered the tax advantages from claiming the total self-insurance health insurance premiums in 2003.
 {¶ 25} "It is not the Court's responsibility to make sense of the Plaintiff-Husband's Exhibit A reconciliation. But more importantly, the Magistrate was correct in finding that the agreed Magistrate's Order of August 1, 2003 was controlling. Therefore, the Plaintiff-Husband's Objection No. 1 is overruled." See, November 7, 2005 Judgment Entry Affirming the Magistrate's June 6, 2005 Decision.
 {¶ 26} Appellant agreed to the order. "In the absence of fraud, duress or undue influence, an order rendered by consent of the parties is binding and conclusive upon those parties."Henderson v. Teamor (1998), Cuyahoga App. No. 72787. In the case sub judice, there is no indication of fraud, duress or undue influence whatsoever.
 {¶ 27} Upon review, we find the trial court did not err on the issue of credit for sums appellant paid under the temporary orders.
 {¶ 28} Assignment of Error I is denied.
 II, III {¶ 29} These assignments claim the trial court erred in denying his March 30, 2004 post-decree motion to modify his spousal support obligation. Appellant claims the trial court failed to consider all of the factors set forth in R.C. 3105.18
(C)(1) (a-n), failed to acknowledge a change of circumstances, and failed to find he was incapable of earning more income. We disagree.
 {¶ 30} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 31} Appellant argues the trial court erred when it failed to address each factor of R.C. 3105.18 (C)(1) (a-n). As we have continually noted, a trial court does not need to address every factor if the facts do not warrant it. Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649; Kennard v. Kennard,
Delaware App. No. 02CA-F-11-059, 2003-Ohio-2800. A trial court is presumed to know the applicable law and apply it accordingly.State v. Eley (1996), 77 Ohio St.3d 174.
 {¶ 32} Because this was a post-decree motion filed a mere six months after the original decree, the threshold issue is whether there was a change of circumstances. This court affirmed the original finding of appellant having an income of $100,000.00 therefore, the issue is whether the record demonstrates that appellant's earning ability was affected since the original decree. See, Carroll v. Carroll, Delaware App. No. 04CAF05035,2004-Ohio-6710.
 {¶ 33} Appellant argues his income decreased post-decree. Appellant is an attorney/partner in a law firm and owns two businesses, WebFirst, Inc. and Brain Garden. Appellant stated he was working full-time, and described the WebFirst enterprise as a tax shelter. T. at 42, 43. Appellant has not been involved with Brain Garden since approximately August of 2003. T. at 42.
 {¶ 34} Appellant's tax returns post-decree show a total income of $93,282.00 for 2002 and $126,519.00 for 2003. Plaintiff's Exhibits 1 and 2. While the 2002 amount is a $6,718.00 decrease from the $100,000.00 imputed amount, the 2003 amount reflects a $26,519.00 increase. The imputation of income of $100,000.00 in the first decree is law of the case. Because there was no decrease in appellant's income from the original decree, in fact, there was an increase, the facts do not support a change of circumstances.
 {¶ 35} Appellant's law partner, Paul Hemmer, testified appellant worked every day, was diligent in his career and actively pursued clients. T. at 11-13. He stated appellant was "better at getting business clients than I am." T. at 12. Mr. Hemmer explained it was not a traditional partnership, but essentially sole practitioners sharing office space and expenses. T. at 14. This testimony established appellant was capable, at a minimum, of maintaining his current income from the law firm.
 {¶ 36} Upon review, we find the trial court did not err in denying appellant's motion to modify his spousal support obligation.
 {¶ 37} Assignments of Error II and III are denied.
 IV {¶ 38} Appellant claims the trial court erred in failing to find that appellee was physically capable of working and failed to impute income to appellee thereby reducing his spousal support obligation. We disagree.
 {¶ 39} The trial court, via the magistrate's June 6, 2005 decision, found the following in pertinent part:
 {¶ 40} "2. The Defendant-Wife doesn't work outside of the home, and continues to have physical health problems.
 {¶ 41} "3. The cost of the Defendant-Wife's health insurance for her medical coverage is $1,454.98 per month. The Defendant-Wife has uninsured medical expenses on top of her insurance premiums. The Defendant-Wife testified that she can't work outside of the home, nor at her age and state of health, would she be viewed as an attractive, reliable employee by any prospective employer.
 {¶ 42} "6. The Plaintiff-Husband is in arrears for spousal support as of January 31, 2005 in the amount of $22,436.99 plus processing charge.
 {¶ 43} "7. The Plaintiff-Husband has been persistently in arrears in support since the effective date of the Temporary Orders."
 {¶ 44} The trial court concluded the following:
 {¶ 45} "6. The Defendant-Wife's Motion to Modify Support is herein granted to the extent as follows:
 {¶ 46} "1. The Plaintiff-Husband shall pay spousal support to the Defendant-Wife in amount of $3,500 effective February 1, 2003 for eight (8) years. This is a change from the prior Order which required a decrease in spousal support after three (3) years to $2,833.00. The Court is now modifying the previous spousal support Order to maintain it at $3,500 per month for the entire 8 years for the following reasons:
 {¶ 47} "a. The Defendant-Wife has incurred significant increase in health insurance costs not contemplated at the time of the Divorce, and the Plaintiff-Husband's failure to comply with the prior Orders of the Court by timely and consistently paying his spousal support, which placed the Defendant-Wife in a difficult financial situation that she would not have been in had the Plaintiff-Husband complied with the prior Orders of the Court."
 {¶ 48} The trial court did not negate its previous $20,000.00 imputation of income to appellee:
 {¶ 49} "1. * * * The Plaintiff-Husband's request to impute income to the Defendant-Wife is also denied. The original Judgment Entry Decree of Divorce imputed to the Defendant-Wife $20,000 per year of income, and there has been no evidence presented to show that the Defendant-Wife is capable of earning any more than the originally imputed amount. Therefore, the Plaintiff-Husband's request to impute additional income to the Defendant-Wife is hereby denied."
 {¶ 50} Appellant presented the deposition of his cousin, Dr. Daniel Konold, who last saw appellee in January of 2004. Konold depo. at 29. Dr. Konold opined there was no reason for appellee to be unemployed. Id. at 31.
 {¶ 51} Upon review, we find the trial court did not discount the original $20,000.00 imputation of income to appellee, but adjusted the spousal support award because of increased healthcare costs to appellee and appellant's failure to timely and consistently pay spousal support.
 {¶ 52} Assignment of Error IV is denied.
 V {¶ 53} Appellant claims the trial court erred in considering appellee's increased healthcare costs in justifying the increase in spousal support. We disagree.
 {¶ 54} Under this assignment, appellant also complains of the trial court's consideration of his noncompliance with the original spousal support order. We note appellant did not challenged the trial court's right to increase the spousal support award as the trial court retained jurisdiction over the issue in the original decree:
 {¶ 55} "18. * * * This Court shall retain jurisdiction over this award as to duration, amount, and such may be modified by the Court. * * *" See, October 6, 2003 Judgment Entry Overturning and Upholding in Part the Magistrate's February 26, 2003 Decision.
 {¶ 56} Appellant requested a reconsideration of spousal support some six months after the trial court's original decree while his first appeal was pending. It is appellant who opted to re-litigate the issue and now complains of the result of the re-litigation. Appellant sought to introduce evidence of his changed status and now belies the trial court's consideration of appellee's changed status as a result of appellant's untimely and inconsistent payment of spousal support and appellee's increased healthcare costs. Appellant does not dispute that these events are true.
 {¶ 57} A determination on spousal support results in a consideration of the present status of each party. R.C.3105.18(C)(1). If appellant can argue changed status, so too can appellee. What is sauce for the goose is also sauce for the gander.
 {¶ 58} Upon review, we find the trial court did not err in considering appellant's noncompliance with the original spousal support order and appellee's increased healthcare costs in fashioning the spousal support award.
 {¶ 59} Assignment of Error V is denied.
 VI, VII {¶ 60} In these assignments, appellant challenges the trial court's findings of contempt. Appellant claims he was unable to pay and the purge order was punitive in nature. We disagree.
 {¶ 61} As we discussed in Assignments of Error II, III and IV, the decision not to reduce appellant's spousal support obligation was based on the trial court's determination from the evidence that appellant's income should be imputed at $100,000.00. Based upon our discussion of that evidence, the finding of contempt follows in a natural progression. Appellant's arguments advanced in Assignment of Error VI are but a rehash of the previous assignments of error.
 {¶ 62} As for appellant's argument regarding the punitive nature of the purge order, said order stated the following:
 {¶ 63} "3. The Defendant-Wife's Motion for Contempt is herein granted. The Plaintiff-Husband has consistently been in arrears of the prior orders of this Court, and his failure to comply to the Orders of the Court is unjustified. The Plaintiff-Husband is sentenced to sixty (60) days of incarceration. The sentence is suspended upon the Plaintiff-Husband purging his contempt as follows:
 {¶ 64} "4. Payment to the Defendant-Wife via the Ohio Child Support Payment Center, the sum of $22,436.99 plus processing charge on or before September 1, 2005. In the alternative, the Plaintiff-Husband may advise the Defendant-Wife in writing to the Defendant-Wife's counsel within seven (7) days of the effective date of this decision, that he elects to offset spousal arrearage against the unpaid property division previously awarded to him from the equity in the Windbrook Drive Real Estate. The DCCSEA shall thereafter be instructed to adjust its records to credit the Plaintiff-Husband accordingly." See, Magistrate's Decision, Findings of Fact, and Conclusions of Law filed June 6, 2005.
 {¶ 65} Despite the fact that the magistrate's decision was filed on June 6, 2005 and five months had passed until the trial court's November 7, 2005 affirmance of the order because objections had been filed, we find the short-time allotted was not an error. From the June 6, 2005 decision, appellant had fourteen days to file an objection therefore, there was not just a seven day purge time. The ability to purge the contempt was fashioned to accomplish an immediate end to the consistent and "unjustified" failure to pay appellee her spousal support.
 {¶ 66} Upon review, we find the trial court did not err in attempting to fashion immediate relief for appellee.
 {¶ 67} Assignments of Error VI and VII are denied.
 VIII {¶ 68} Appellant claims the award to appellee of $10,000.00 for attorney's fees in defense of the motion to modify spousal support was error. Appellant claims the trial court should have considered the issue under R.C. 3105.18(H) instead of R.C.3105.73(B) because both the motion and the hearing on the motion occurred prior to the effective date of the amendment, April 27, 2005. Appellant claims although the award was made after the effective date, the new statute should not be applied retroactively. We disagree.
 {¶ 69} An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356; Blakemore.
 {¶ 70} Although all substantive statutes are presumed to have prospective application, the legislature may specifically vest a statute with retroactive application. R.C. 3105.73 governs award of attorney's fees and litigation expenses. Subsection (B) states the following:
 {¶ 71} "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."
 {¶ 72} The legislation specifically designated retroactive application of the statute:
 {¶ 73} "The provisions of § 3 of H.B. 36 (150 v ____) read as follows:
 {¶ 74} "SECTION 3. Section 3105.18 of the Revised Code, as amended by this act, and section 3105.73 of the Revised Code, as enacted by this act, apply to any action for divorce, legal separation, or annulment of marriage or any post-decree action or proceeding arising from a divorce, legal separation, annulment, or dissolution of marriage if any of the following apply:
 {¶ 75} "* * *
 {¶ 76} "(B) The action or proceeding is brought, or a notice of appeal in the action or proceeding is filed, prior to the effective date of this act, and the action or proceeding is pending in a trial or appellate court on the effective date of this act." See, History: 150 v H 36 § 1, eff. 4-27-05, following R.C. 3105.73.
 {¶ 77} We conclude retroactive application of the statute was not unconstitutionally applied to appellant. Although the hearing before the magistrate was held prior to the enactment of the statute, the magistrate's decision, objections to the magistrate's decision and the trial court's ruling and final judgment all were filed after the effective date therefore, R.C.3105.73 applies sub judice. Other courts have agreed with this position. See, Heyman v. Heyman, Franklin App. No. 05AP-475,2006-Ohio-1345; Carter v. Carter, Franklin App. No. 05AP-745,2006-Ohio-1206; Berthelot v. Berthelot, Summit App. No. 22819,2006-Ohio-1317.
 {¶ 78} Clearly the newly enacted statute did not create a new right or cause of action, but merely redefined existing legislation. Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100. The newly enacted statute is remedial in nature and procedural as it only affects the procedure by which a trial court may award attorney's fees.
 {¶ 79} Assignment of Error VIII is denied.
 IX {¶ 80} Appellant claims the award to appellee of $5,000.00 in attorney's fees in the contempt action was error. We disagree.
 {¶ 81} As stated previously, our standard of review is abuse of discretion. Rand; Blakemore.
 {¶ 82} Appellant was found to be in continuous violation of the spousal support order. Appellee's request for attorney's fees was submitted via affidavit. Appellant now complains of the itemization as to the amount of work. At the conclusion of the magistrate's hearing, a time for response on the issue of attorney's fees was discussed. There was no objection by appellant to the procedure suggested by the magistrate nor was there any request to cross-examine the fees. T. at 136-140.
 {¶ 83} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson,79 Ohio St.3d 116, 1997-Ohio-401, paragraph one of the syllabus.
 {¶ 84} Upon review, we do not find any error which "seriously affects the basic fairness, integrity, or public reputation of the judicial process" regarding the $5,000.00 attorney's fees award.
 {¶ 85} Assignment of Error IX is denied.
 X {¶ 86} Appellant claims the trial court erred in not permitting him the opportunity to obtain a new expert to re-access appellee's vocational abilities. We disagree.
 {¶ 87} The decision to permit expert testimony lies within the trial court's sound discretion. Miller v. Bike AthleticCo., 80 Ohio St.3d 607, 1998-Ohio-178; Blakemore.
 {¶ 88} Appellant chose Dr. Beal Lowe to evaluate appellee during the original divorce hearing, and the parties stipulated to the report. In his October 8, 2004 motion for a vocational evaluation of appellee, appellant requested another evaluation in preparation for the February 11, 2005 hearing, but did not request a different expert. The trial court granted the motion for re-evaluation and ordered that Dr. Lowe's evaluation be updated. As the transcript indicates, the re-evaluation was done. T. at 120. Appellant chose not to call Dr. Lowe, but did perfect the matter as an objection. T. at 121.
 {¶ 89} Although the trial court characterized appellant's October 8, 2004 motion as a request for a new vocational expert, the motion and memoranda submitted by appellant only requested another vocational evaluation. The trial court ordered a re-evaluation by the original expert. Such a ruling was neither contrary to the request nor an abuse of discretion. The plain and unequivocal reading of the motion did not ask for a different expert. The trial court cannot be required to second-guess or read appellant's mind given the plain meaning of the request.
 {¶ 90} Upon review, we find the trial court did not err in ordering Dr. Lowe to perform the re-evaluation.
 {¶ 91} Assignment of Error X is denied.
 XI {¶ 92} Appellant claims the trial court erred by setting time limits on the presentation of evidence. We disagree.
 {¶ 93} On the record, the magistrate stated her reasons for limiting the time for the presentation of evidence as follows:
 {¶ 94} "All right. Mr. and Mrs. Carroll, I'm going to speak to the two of you directly for the following reasons. I am very concerned about the amount of fees that the two of you have incurred in this case for attorney fees. I mean, as you can see, I'm sitting here with two large court folders. I have had numerous meetings with both attorneys on pending motions, as well as, you know, that have gone on throughout this case and I am concerned that there may be a position being taken here of what I call engineering of conflict. For that reason, I am limiting this case on these pending motions to one hour each side. After that hour, I will re-assess to determine if additional time is needed. But I am concerned that the court procedure, the trial procedure is being used as a method of punishing one side or the other on issues that really shouldn't be this complicated." February 11, 2005 T. at 5.
 {¶ 95} Appellant's trial counsel objected to the time limits. T. at 5. At the end of the allotted time, the magistrate permitted additional time for the taking and filing of depositions and affidavits. T. at 135-139. Appellant's counsel requested no additional time for the presentation of evidence, nor did counsel proffer what additional evidence he wished to present.
 {¶ 96} Appellant filed objections to the magistrate's decision on June 20, 2005 and a supplement to the objections on September 27, 2005. Although appellant's supplement cites to the above dialogue of the magistrate, it does not state an objection, nor do the objections proffer the need for additional evidence that is contemplated in Civ.R. 53(E)(4)(b). Further, pursuant of Civ.R. 53(E)(3)(d), appellant waived this issue by not specifically objecting to the limitation of evidence.
 {¶ 97} Assignment of Error XI is denied.
 {¶ 98} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is affirmed.