OPINION
{¶ 1} On November 17, 1983, appellant, Daryl Victor, and appellee, Beverly Victor, were married. On February 3, 2004, appellee filed a complaint for divorce. Hearings before a magistrate were held on May 9, 11 and 13, and June 13, 2005. By decision filed October 6, 2005, the magistrate recommended a property distribution, and spousal support to appellee in the amount of $900.00 per month for seven years. Both parties filed objections to the decision. By judgment entry filed October 5, 2006, the trial court approved and adopted the magistrate's decision with minor modifications not pertinent to this appeal. A judgment entry decree of divorce was filed on March 27, 2007.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE COURT COMMITTED ERROR IN ITS DETERMINATION THAT SPOUSAL SUPPORT WAS APPROPRIATE IN THE WITHIN MATTER WHEN IT SPECIFICALLY FOUND THE APPELLEE HAD A GREATER EARNING CAPACITY BUT FAILED TO IMPUTE THAT EARNING ABILITY TO APPELLEE AND FURTHER FAILED TO PROPERLY ADDRESS THE STATUTORY CONSIDERATION OF WHY NO INCOME WAS IMPUTED TO THE APPELLEE PURSUANT TO ORC 3105.08(C)(1)(b) WHEN IT ALSO FOUND APPELLEE CAPABLE OF GREATER EARNINGS." *Page 3 
 II {¶ 4} "THE COURT ABUSES ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT USES A VOLUNTARY REDUCTION IN INCOME RESULTING IN AN EARNING DIFFERENTIAL AND ADDITIONAL MEDICAL EXPENSES AS A BASIS FOR DETERMINING THE NEED FOR SPOUSAL SUPPORT WITHOUT ADDRESSING THE APPELLEE'S EARNING CAPACITY AND THAT SUCH AWARD BEING IN THE NATURE OF A PUNITIVE AWARD, DEMONSTRATES AN ABUSE OF DISCRETION."
 III {¶ 5} "THE COURT ERRED IN ITS FINDINGS OF THE DIVISION OF PROPERTY WHICH FINDINGS WERE CONTRARY TO THE EVIDENCE WITHOUT EVIDENTIARY SUPPORT AND, THEREFORE, REPRESENT AN ABUSE OF DISCRETION BY THE TRIAL COURT."
 IV {¶ 6} "THE COURT'S DETERMINATION OF DIVISION OF MARITAL OBLIGATIONS,PENDENTE LITE, IS CONTRARY TO THE COURT'S OWN TEMPORARY SUPPORT ORDERS AND RESTRAINING ORDERS."
 I, II {¶ 7} Appellant challenges the trial court's determination on spousal support. Specifically, appellant claims the trial court erred in not impugning income to appellee after her voluntary retirement, and granted a punitive award of spousal support in using appellee's reduced salary and medical reports. We disagree. *Page 4 
 {¶ 8} An award of spousal support is within the sound discretion of the trial court. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 9} Appellant claims in determining spousal support, the trial court failed to consider all of the following criteria set forth in R.C.3105.18(C)(1):
 {¶ 10} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 11} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 12} "(b) The relative earning abilities of the parties;
 {¶ 13} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 14} "(d) The retirement benefits of the parties;
 {¶ 15} "(e) The duration of the marriage;
 {¶ 16} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 17} "(g) The standard of living of the parties established during the marriage; *Page 5 
 {¶ 18} "(h) The relative extent of education of the parties;
 {¶ 19} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 20} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 21} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 22} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 23} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 24} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 25} The facts are not in dispute. Appellee suffers from COPD (chronic obstructive pulmonary disease), emphysema, a genetic deficiency regarding a protein made in the liver, neurological problems, and stress. May 11, 2005 T. at 8-10. During the course of the divorce proceedings, appellee took a buyout from her job and as a result, her annual income was reduced from $53,000.00 to $36,000.00. May 13, 2005 T. at 188; May 22, 2005 T. at 7-8. Prior to the divorce, both parties earned relatively the same incomes. *Page 6 
 {¶ 26} Appellant argues the trial court did not do an analysis of the relative earning capacities of each party, and did not address appellee's earning capacity after her retirement.
 {¶ 27} In his decision filed October 6, 2005, the magistrate included a detailed analysis of appellee's retirement and physical problems as follows:
 {¶ 28} "Plaintiff has retired from a job at the Ohio Department of the Job and Family Services where she was employed prior to the marriage and for the duration of the marriage. She is 52 years old and in poor health. She retired from her position after 27½ years of employment under a buyout offer wherein she retired with full benefits normally obtained after 30 years of service. She retired because of the coincidence of this retirement offer and her declining health. Her poor health was not the sole reason for her retirement.
 {¶ 29} "She currently is suffering from chronic obstructive pulmonary disease or COPD. She has smoked cigarettes for a total of 17½ pack years (one pack per day for that period). According to her physician, the onset of symptoms from emphysema occurs at about 25 pack years. She is also a carrier of a genetic deficiency that impairs her lung functioning. She has diminished protection against inhalational irritants that are causing her lung structure to dissolve. Her physician expects that she will be on a lung transplant list within two years and that she has a ten percent chance of being alive in ten years. She is currently on oxygen for 10 hours per day. She is receiving hormone replacement therapy and is being treated for high cholesterol, potassium depletion, certain neurological problems, and gastric reflux disease. *Page 7 
 {¶ 30} "She is emotionally distressed about the prospect of dying young. She has also been distressed about her husband's unkept promises to her and his apparent choice of his girlfriend over her. She described a few instances when she and Defendant were planning to travel on a vacation only to discover that he had elected to take his girlfriend rather than her. He moved in and out of the marital residence on numerous occasions during a period when he was vacillating about whether he wanted to be with his wife or his girlfriend. These events have contributed to Plaintiff's depression and the treatment necessary to deal with its symptoms.
 {¶ 31} "Although she may be capable of continuing to work, and earn at a rate in excess of $53,000 per year, she reasonably left her employment for retirement benefits which will be $36,072 per year.* * *
 {¶ 32} "Plaintiff is able to reduce her non-health related expenses to less than $3,000 per month. Her medical expenses are reasonably expected to be over $500 per month. These expenses include bi-monthly and quarterly tests relevant to her conditions. She is taking numerous medications and is in need of dental treatment. She has been seeing a psychologist for purposes of dealing with her husband's relationship with his girlfriend.
 {¶ 33} "* * *
 {¶ 34} "A spousal support order of $900 per month is reasonable and appropriate, particularly given Plaintiff's declining health and expenses associated therewith. This order provides sufficient funds to pay those expenses, but may require her to cut some other items in her budget. She also has substantial savings. The monthly amount of $900 leaves Defendant with a substantial annual budget surplus. *Page 8 
Defendant derives a substantial tax benefit from the payment of spousal support. The net cost to him of paying $900 per month is only $628 per month after factoring in the tax deduction to which he is entitled for the payment of spousal support. See Fin Plan, attached hereto as Exhibit B. The tax cost of these payments to Plaintiff will be less than the amount shown so long as she continues to benefit from itemized deductions for her home mortgage. The spousal support payments are taxable income to Plaintiff."
 {¶ 35} The trial court retained jurisdiction over the amount of spousal support, but not the duration. We find this analysis, coupled with the retention of jurisdiction over the amount, gives the trial court the ability to revisit the issue should appellee become re-employed. We find no error in the trial court listing the factors to be considered and then addressing the factors the trial court found to be germane. Carroll v. Carroll, Delaware App. No. 05CAF110079,2006-Ohio-5531.
 {¶ 36} Appellant also challenges the trial court's determination on spousal support based on issues non-germane. In particular, appellant points to the trial court blaming him for appellee's emotional distress. Appellant argues this is tantamount to a punitive award.
 {¶ 37} We disagree the spousal support award is punitive. Appellee has a ten percent chance of being alive in ten years. Her income was diminished by her retirement, and the trial court retained jurisdiction should she become re-employed. The facts concerning her uncovered medical expenses were unchallenged. June 13, 2005 T. at 12.
 {¶ 38} Appellant argues if the divorce had been granted before appellee's retirement option, and with their incomes being equal, no spousal support would have *Page 9 
been awarded. We cannot turn back the hands of time. Appellee retired during the divorce proceedings. The trial court retained jurisdiction and awarded spousal support to equalize the parties' standard of living after a twenty-five year marriage. See, Kunkle, supra.
 {¶ 39} Upon review, we find the trial court did not abused its discretion regarding the spousal support award, and do not find the spousal support award was punitive.
 {¶ 40} Assignments of Error I and II are denied.
 III {¶ 41} Appellant claims the trial court erred in finding monies from an inheritance and a Dalkon Shield personal injury award were traceable as appellee's separate property. We disagree.
 {¶ 42} In dividing property, the trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348;Blakemore.
 {¶ 43} Separate property is defined in R.C. 3105.171(A)(6)(a) as follows in pertinent part:
 {¶ 44} "(6)(a) `Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 {¶ 45} "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 {¶ 46} "(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets." *Page 10 
 {¶ 47} R.C. 3105.171(A)(6)(b) states, "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable."
 {¶ 48} Appellant does not challenge the fact that these two monies were appellee's separate property, but argues he considered the funds to be theirs. A great amount of appellee's testimony concerned the division of personal property and who paid for what items listed. From this testimony, appellant traced monies as marital or separate.
 {¶ 49} The Dalkon Shield personal injury award was deposited into a separate account. May 13, 2005 T. at 219-220; June 13, 2005 T. at 118-119. The inheritance was also placed into a separate account and was used by appellee to buy personal items. May 13, 2005 T. at 87-89, 220. Appellant's own personal injury award which included compensation for loss of consortium was spent by appellant. June 13, 2005 T. at 17-18.
 {¶ 50} At the time of the divorce, the parties split the monies in their joint accounts ($11,000.00). May 13, 2005 T. at 127. Appellant now argues the trial court was wrong in crediting him the $11,000.00, but appellee was also credited with the $11,000.00 for the split. See, October 6, 2005 Magistrate's Decision at page 12. The magistrate also found appellant took $1,100.00 from marital funds for vacations with his girlfriend. Id. at page 9. Appellant received his entire 401K, social security, and Ideal Electric Company pension, and appellee received the marital property.
 {¶ 51} Upon review, we find the trial court did not abuse its discretion in determining the separate property issue. *Page 11 
 {¶ 52} Assignment of Error III is denied.
 IV {¶ 53} Appellant claims the trial court erred in ordering him to pay the utilities for the pole barn on the marital property. We disagree.
 {¶ 54} Appellant argues under the temporary orders, appellee was given exclusive use of the marital property and he was not responsible for the utility payments (propane to heat the barn wherein appellant's items were stored). In the trial court's division of property, the propane bill from "Firelands" in the amount of $305.41 was assigned to appellant's column as a liability, and the amount to appellee equalizing the distribution award was diminished by half this amount.
 {¶ 55} Upon review, we find the trial court did not abuse its discretion regarding this issue.
 {¶ 56} Assignment of Error IV is denied.
 {¶ 57} The judgment of the Court of Common Pleas of Richland County, Ohio, Domestic Relations Division, is hereby affirmed.
Farmer, J. Gwin, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, Domestic Relations Division, is affirmed. *Page 1