[Cite as *Carroll v. Carroll*, 2013-Ohio-1128.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DAVID WM. T. CARROLL, II | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| LINDA S. CARROLL | : | Case No. 12 CAF 09 0066 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Domestic Relations Division,
                                  Case No. 00-DRB-09-357


JUDGMENT:                         Affirmed/Reversed in Part and
                                  Remanded


DATE OF JUDGMENT:                 March 22, 2013


APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

MICHAEL R. SZOLOSI, SR.                  MARTY ANDERSON
88 East Broad Street                     ERIC W. JOHNSON
Suite 1250                               400 South Fifth Street
Columbus, OH  43215                      Suite 101
                                         Columbus, OH  43215
JODELLE N. STRANGES
163 North Sandusky Street
Suite 103
Delaware, OH  43015

*Farmer, J.*

{¶1} Appellant, David Wm. T. Carroll, II, and appellee, Linda Carroll, were married on June 12, 1971. On September 12, 2000, appellant filed a complaint for divorce. Hearings before a magistrate were held on April 15, May 20, and May 21, 2002. By decision filed February 26, 2003, the magistrate recommended a division of property and spousal support to appellee in the amount of $3,500.00 per month for five years and then $2,833.00 for three years. Both parties filed objections to the magistrate's decision. By judgment entry filed October 6, 2003, the trial court granted some of the objections, modifying the spousal support award to $3,500.00 per month for three years and then $2,833.00 for five years. The trial court retained jurisdiction over the spousal support issue. This court affirmed the trial court's decision. See, *Carroll v. Carroll,* 5th Dist. No. 04CAF05035, 2004-Ohio-6710.

{¶2} On February 17, 2004, appellee filed a motion for contempt, claiming appellant was in arrears on the spousal support obligation. On March 30, 2004, appellant filed a motion to modify the spousal support award, claiming his income had decreased. On April 8, 2004, appellee also filed a motion to modify the spousal support award. On August 9, 2004, appellant filed a motion for reconciliation of arrears, seeking credit for payments he had made from February 1, 2003 to October 6, 2003. A hearing before a magistrate was held on February 11, 2005. By decision filed June 6, 2005, the magistrate recommended that appellant pay appellee spousal support in the amount of $3,500.00 per month for eight years, thus eliminating the reduction after three years. The magistrate also found appellant in contempt for failing to remain current on his spousal support obligation, and awarded appellee $15,000.00 for attorney fees.

Appellant filed objections. By judgment entry filed November 7, 2005, the trial court denied the objections and approved and adopted the magistrate's decision. This court affirmed the trial court's decision. See, *Carroll v. Carroll,* 5th Dist. No. 05CAF110079, 2006-Ohio-5531.

{¶3} At the conclusion of the eight years, a hearing before a magistrate was held on July 18, 2011. By decision filed July 18, 2012, a subsequent magistrate determined the trial court no longer had jurisdiction over the issue of spousal support and all spousal support obligations had been completed. By judgment entry filed August 20, 2012, the trial court disagreed with the decision, and ordered a new spousal support award in the amount of $3,500.00 per month, indefinitely.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED WHEN IT ORDERED A NEW SPOUSAL SUPPORT AWARD IN ITS 2012 JUDGMENT ENTRY BECAUSE IT LACKED JURISDICTION."

II

{¶6} "THE TRIAL COURT ERRED WHEN IT MODIFIED A PRIOR ORDER OF SPOUSAL SUPPORT BEFORE APPELLEE DEMONSTRATED THAT 1) A SUBSTANTIAL CHANGE IN CIRCUMSTANCES HAD OCCURRED AND 2) THAT THE CHANGE WAS NOT CONTEMPLATED AT THE TIME OF THE 2005 SPOUSAL SUPPORT AWARD."

I

{¶7} Appellant claims the trial court lacked jurisdiction to extend the spousal support award because it did not reserve jurisdiction beyond the eight year award and appellee failed to properly invoke jurisdiction via Civ.R. 75(J). We disagree.

{¶8} The gravamen of this assignment of error is whether the divorce decree language on spousal support provided for the trial court's continuing jurisdiction to address spousal support beyond the original eight year award. In order to address this assignment, the threshold issue is whether the decree language established a definite or indefinite duration for spousal support. In its February 26, 2003 findings of fact and conclusions of law, the magistrate recommended the following at Conclusion of Law No. 18:

In consideration of the factors set for (sic) in R.C. Sec. 3105.18, this is a marriage of long duration involving a homemaker-spouse with little opportunity to develop significant employment outside of the home. Therefore, the Plaintiff-Husband shall pay to the Defendant-Wife, as and for spousal support, the sum of $3,500 per month, effective February 1, 2003 for five years. Then $2,833 for an additional three years at which time parties shall return to court for review. This amount, plus processing charge, shall be paid to Defendant-Wife through the Delaware County Child Support Enforcement Agency unless otherwise agreed by the parties. Spousal support shall terminate upon the death of either party, or upon Defendant-Wife's remarriage. This court shall retain jurisdiction over

this award, as to duration and amount, and such may be modified by the Court. The Plaintiff-Husband shall have the right to deduct from income, the spousal support amount paid, and the Defendant-Wife shall include the spousal support as income for income tax purposes.

{¶9} On March 12, 2003, appellant objected to the magistrate's decision on spousal support. In Objection Nos. 4 through 7, appellant argued the magistrate did not consider the tax consequences of the support order, the effect of the Ohio Child Support Enforcement Agency's "processing fees," appellee's earning capacity, and appellant's correct yearly income, and the support order was inequitable.

{¶10} In its judgment entry filed October 6, 2003, the trial court overruled Objection Nos. 5, 6 and 7, but modified the spousal support order as to Objection No. 4 as follows:

Plaintiff-Husband's Objection No. 4 maintains that the amount of spousal support ordered was appropriate and reasonable. The Court has reviewed Revised Code Section 3105.18 and determined that this is a marriage of long duration involving a homemaker spouse with little or no opportunity to develop significant employment opportunities outside of the home. The Defendant-Wife has had significant health issues that limit her ability to work. The Plaintiff-Husband on the other-hand is a professional, an attorney, with an extensive educational and professional history. The Court modifies the Magistrate's Decision and finds that an award of $3,500

per month effective February 1, 2003 for 3 years, and then reducing to $2,833 for subsequent 5 years to be appropriate and reasonable. The first 3 years to allow Defendant-Wife to recuperate from her health issues. The spousal support shall be income to the Defendant-Wife and deductible to the Plaintiff-Husband. In light of Plaintiff-Husband's failure to comply with the Temporary Orders, spousal support shall be paid through the Delaware County CSEA unless wife agrees otherwise. Therefore, Plaintiff-Husband's Objection No. 4 is sustained in part and overruled in part.

{¶11} Pursuant to these rulings, the October 6, 2003 divorce order states the following at No. 18:

Plaintiff-Husband shall pay Defendant-Wife for spousal support in the sum of $3,500 per month effective February 1, 2003 for three (3) years. Spousal support shall reduce to $2,833 for an additional five (5) years at which time parties shall return to Court for review. This amount plus processing charge shall be paid through the Delaware County Child Support Enforcement Agency unless otherwise agreed by the parties. Spousal support shall terminate upon the death of either party or upon Defendant-Wife's remarriage. This Court shall retain jurisdiction over this award as to duration, amount, and such may be modified by the Court. Plaintiff-Husband shall have the right to deduct from income the spousal

support amount paid, and Defendant-Wife shall include spousal support as income for tax purposes.

{¶12} The spousal support award was subsequently modified in 2005 to $3,500.00 per month for eight years, thus eliminating the reduction after three years. See, Magistrate's Decision filed June 6, 2005 and Judgment Entry filed November 7, 2005.

{¶13} Although appellant spiritedly argues a plain reading of the original divorce order implies the spousal support award was for a definite eight year period, we find the specific language to be unambiguous given the fact that the trial court ordered further review after eight years, and it retained jurisdiction over the spousal support award after the eight year period via a separate jurisdictional statement.

{¶14} We note in two previous appeals, all within the first eight years of the spousal support order, no specific challenge was made regarding the jurisdictional language of the divorce order. See, *Carroll v. Carroll,* 5th Dist. No. 04CAF05035, 2004-Ohio-6710, and *Carroll v. Carroll,* 5th Dist. No. 05CAF110079, 2006-Ohio-5531.

{¶15} Appellant also argues appellee failed to invoke jurisdiction under Civ.R. 75(J) which states the following:

The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6. When the

continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ. R. 26 to 37 shall apply.

{¶16} The docket in this case was silent for three years until June 20, 2011 when the Delaware County Child Support Enforcement Agency filed a termination of spousal support letter and the assignment manager issued a notice of hearing before a magistrate to be served by regular mail to appellant and counsel of record. A subpoena was then filed on July 7, 2011 to command appellant's appearance at the hearing.

{¶17} Although no party invoked the trial court's jurisdiction, the trial court initiated the review. This review was appropriate given the agency's letter and the language of the original divorce order cited above; therefore, initiating jurisdiction by a party pursuant to Civ.R. 75(J) was not necessary.

{¶18} Appellant further argues the modification of the spousal support order in 2005 did not include the continuing jurisdiction language. In the June 6, 2005 magistrate's decision, which was approved and adopted by the trial court on November 7, 2005, the magistrate recommended the following at Conclusion of Law No. 6:

The Defendant-Wife's Motion to Modify Support is herein granted to the extent as follows:

1. The Plaintiff-Husband shall pay spousal support to the Defendant-Wife in amount of $3,500 effective February 1, 2003 for eight (8) years. This is a change from the prior Order which required a decrease in spousal support after three (3) years to $2,833.00. The Court

is now modifying the previous spousal support Order to maintain it at $3,500 per month for the entire 8 years for the following reasons:

a. The Defendant-Wife has incurred significant increase in health insurance costs not contemplated at the time of the Divorce, and the Plaintiff-Husband's failure to comply with the prior Orders of the Court by timely and consistently paying his spousal support, which placed the Defendant-Wife in a difficult financial situation that she would not have been in had the Plaintiff-Husband complied with the prior Orders of the Court.

{¶19} As specifically noted, this recommendation was a modification to the prior existing spousal support order that included the continuing jurisdiction language.

{¶20} Based upon the above analysis of the original divorce order, the 2005 modification, and the initiation by the trial court of its continuing jurisdiction, we find the spousal support award was an indefinite order and the trial court had the right to address the spousal support order after the passage of eight years.

{¶21} Assignment of Error I is denied.

II

{¶22} Appellant claims the trial court erred in modifying the spousal support order without finding a change of circumstances which was not contemplated by the 2005 modification. Appellant claims the trial court was required to follow the mandates of R.C. 3105.18 and he should be entitled to a hearing on the issue. We agree in part.

{¶23} R.C. 3105.18 governs spousal support. Subsection (E)(1) states the following:

(E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶24} In a decision filed July 18, 2012, the magistrate determined the trial court no longer had jurisdiction over the issue of spousal support and all spousal support obligations had been completed. By judgment entry filed August 20, 2012, the trial court disagreed with the decision, finding the original spousal support order was "an indefinite award with the Court specifically retaing (sic) jurisdiction over the amount and

duration of the award and that the 2005 modification entry pertained only to the specific amounts previously established for the first eight years in the parties divorce decree and did not modify the Court's jurisdiction concerning the duration of the award." In a separate opinion filed same date, the trial court stated the following:

The Court determines several things require closer scrutiny. First, it must be remembered that in the 2005 entry, the Court rejected the Plaintiff's motion to modify the spousal support award but provided specifics to grant the Defendant's motion to modify the award. If the Court is to accept that the 2005 entry changed the award from an indefinite one to one of a definite duration of eight years, it would have contradicted the specifics contained in the 2005 entry. To accept that the 2005 entry modified the award to an eight year definite award would be adverse to the Defendant and favorable to the Plaintiff and not vice versa.

Second, in support of this position, it must also be remembered that the Plaintiff appealed the 2005 entry and, in rejecting the Plaintiff's appeal, the appellate court reminded the Plaintiff that he never challenged the trial court's retaining jurisdiction over the issue in the original decree.

Last, the Court agrees with the citation noted by the Defendant: Zahn v. Zahn 2004-Ohio-4881 which held that since the original decree retained jurisdiction, it was not relevant that a subsequent modification did not contain an express reservation of jurisdiction. See also Archer v. Archer (1997) 4th dist Case No. 96CA37. The Court finds that the reading

of the November 7, 2005 entry concerns itself only with the modification of the amounts defined in the initial eight year period of the indefinite award and therefore did not limit the jurisdiction outlined in the parties 2003 divorce decree.

{¶25} What is lacking in the trial court's analysis is a reference to the language of the original divorce order implying a review at the termination of the eight years. We concur with the trial court's analysis of duration, but find a review of the circumstances and reasons for extending the spousal support award predicated on increased medical expenses is required. The matter is remanded to the trial court to conduct a review hearing as anticipated by the original divorce order.

{¶26} Assignment of Error II is granted in part and denied in part.

{¶27} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part, and the matter is remanded to said court for a review hearing.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____

JUDGES

SGF/sg 2/13

[Cite as *Carroll v. Carroll*, **2013-Ohio-1128.**]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DAVID WM. T. CARROLL, II | : | |
| Plaintiff-Appellant | : | |
| -vs- | : | JUDGMENT ENTRY |
| LINDA S. CARROLL | : | |
| Defendant-Appellee | : | CASE NO. 12 CAF 09 0066 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between appellant and appellee.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____

JUDGES