OPINION
{¶ 1} Plaintiff-appellant, David Wm. T. Carroll II, appeals the judgment entries of the Delaware County Court of Common Pleas, Domestic Relations Division, entered October 6, 2003 and April 2, 2004 which affirmed in part and overruled in part the magistrate's decision entered February 26, 2003. Defendant-appellee is Linda S. Carroll.
 {¶ 2} Appellant and appellee were married on June 12, 1971. The parties separated on May 15, 2000. The two children of the parties are emancipated. On September 12, 2000, appellant filed a complaint for divorce. A trial commenced on April 15, 2002, May 20, 2002 and May 21, 2002. The magistrate issued a decision on February 26, 2003. The magistrate recommended an award of spousal support to appellee in the amount of $3,500.00 per month for the first five years and $2,833.00 thereafter. The magistrate divided a bank account in the amount of $20,475.00 equally between the parties. Both parties filed objections to the magistrate's report. On October 6, 2003, the trial court affirmed in part and overruled in part the magistrate's report and recommendations. The trial court ordered spousal support in the sum of "$3,500.00 per month effective February 1, 2003 for three (3) years. Spousal support shall reduce to $2,833 for an additional five (5) years at which time [sic] parties shall return to Court for review . . . The trial court further removed the bank account from consideration in the property division because it was not in existence at the time of trial. Finally, the trial court increased the imputed income of the appellee from $19,000.00 to $20,000.00.
 {¶ 3} Appellant initially appealed to this court on November 5, 2003, but because the trial court had not issued the Division of Property that appeal was dismissed for want of a final appealable order. The trial court entered the Division of Property Order on April 2, 2004.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 {¶ 5} "I. The trial court erred by making a finding without any evidence in the record to support it that appellee would need until february 1, 2006 to recover from her december 2000 surgery.
 {¶ 6} "II. The trial court erred in finding that appellant's income should be established at $100,000 per year as the baseline for determining the appellant's ability to pay spousal support award.
 {¶ 7} "III. The trial court erred in either failing to use all the mandated factors required by R.C. 3105.18 (c)(1) in the determination of spousal support or alternatively to articulate its use of the factors in sufficient detail to enable the reviewing court to determine that the award is fair, equitable and in accordance with the law.
 {¶ 8} "IV. The court erred in making an arbitrary and unreasonable alimony award under the circumstances.
 {¶ 9} "V. The trial court erred in the [sic] dividing the property by effectively awarding appellee with 100% of the parties joint savings account in the amount of $20,475 which appellee spent after the filing of the divorce action.
 I. {¶ 10} In his first assignment of error, appellant argues that the trial court abused its discretion by finding that appellee would need until February 1, 2006 to recover from her various health problems. In other words, appellant maintains that the trial court should have taken into account appellee's earning ability in awarding spousal support for the first three years. We disagree.
 {¶ 11} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. R.C. 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. Pursuant to R.C. 3105.18(C) (1) (c), the trial court is directed to consider "[t]he ages and the physical, mental, and emotional conditions of the parties" in determining whether "spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment and duration of spousal support . . ."
 {¶ 12} In the case at bar, the magistrate recommended that spousal support be awarded to appellee in the amount of $3,500.00 per month for the first five years and $2,833.00 thereafter. In ruling upon the appellant's objections to the magistrate's decision, the trial court awarded appellee "spousal support in the sum of $3,500.00 per month effective February 1, 2003 for three (3) years. Spousal support shall reduce to $2,833 for an additional five (5) years at which time [sic] parties shall return to Court for review . . ." (Judgment Entry Overturning Magistrate's Decision in Part and Upholding Magistrate's Decision in Part, filed Oct. 6, 2003 at ¶ 18).
 {¶ 13} In making this modification to the magistrate's decision, the Court stated "The Defendant-Wife has had significant health issues that limit her ability to work. . . . The first 3 years [of spousal support is] to allow Defendant-Wife to recuperate from her health issues." Id. at pg. 3. The magistrate found that "Defendant-Wife has been diagnosed with stage three breast cancer, among other aliments. She has undergone a radical mastectomy and as of May, 2002, had undergone one additional surgery. At the time of trial, Defendant-Wife was facing up to three additional reconstructive surgeries. The Defendant-Wife also suffers from certain skin cancers and a propensity to blood-clotting. The prescription drugs she has been required to take cause a variety of physical side effects such as fatigue, nausea, headaches and coughing. She must take these drugs at least until year 2006." (Magistrate's Findings of Fact and Conclusions of Law and Decision, filed Feb. 26, 2003 at 13, ¶ 18).
 {¶ 14} The parties stipulated to the report of vocational expert Beal D. Lowe, Ph.D. (Husband's Exhibit 17). The section titled "Health Status" makes the following observations "Ms. Carroll reports that she received a diagnosis of Breast Cancer in November, 2000, and underwent related surgery in December, 2000. At the time of this interview [January 31, 2001] she had received one chemotherapy treatment and anticipated three additional treatments. At the time of this interview, Ms. Carroll appeared to be weak and tired as a result of the chemotherapy. The following assessment of Ms. Carroll's earning ability is predicated on the assumption that she will regain full health and be able to sustain full-time employment." Id.
 {¶ 15} At trial appellee testified that she began chemotherapy treatments in January 2001. (T. at 244). She received a treatment every three weeks for a three month period. (Id.). Appellee was hospitalized when she developed a blood clot as a result of the chemotherapy treatments. (Id. at 245-46). In January 2002, appellee had surgery to remove muscle from her back. (Id. at 243-44). Appellee further testified that three additional surgeries would be required over the course of one year. (Id. at 247-48). Appellee testified to the side-effects of the medications she is required to take until the year 2006 as fatigue, diarrhea, vomiting nausea headaches and coughing. (Id. at 247).
 {¶ 16} The record further indicates that appellee is 54 years old. She had not worked in over 15 years. Appellee's teaching certificate had lapsed. The parties were married over 29 years.
 {¶ 17} In conclusion, we find that under the totality of the evidence presented, no abuse of discretion warranting our interference with the court's decision concerning the award of spousal support for the first three years occurred.
 {¶ 18} Appellant's First Assignment of Error is denied.
 II. {¶ 19} In his second assignment of error, appellant argues the trial court erred in establishing his income at $100,000.00 per year. We disagree.
 {¶ 20} In the case at bar, the magistrate found that appellant is an attorney licensed to practice law in the State of Arizona and in the State of Ohio. Although the magistrate determined that appellant's three year average income amounted to $120, 499.00, the magistrate set the amount of appellant's income at $100,000.00. In his objections to the magistrate's decision filed March 12, 2003, appellant argued "taking into consideration the Husband's gross income rather than gross revenues for the three (3) years from 1999 through 2001, the Husbands annual average income over those three(3) years was $104,654.66 and not the $120,000.00 as found by the Magistrate." (Id. at 14) In overruling the appellant's objection on this issue the trial court found the record established that the appellant's three year income was over $100,000.00. (Judgment Entry Overturning Magistrate's Decision in Part and Upholding Magistrate's Decision in Part, filed Oct. 6, 2003 at 4). The court further found "in reviewing [appellant's] argument, it appears by his own admission, his three year average was $106,654, well over the $100,000.00 used by the Magistrate." (Id.) The court found sufficient evidence to support the Magistrate's additional finding that appellant was not working at his full capacity. (Id.). Accordingly, the court found the use of the $100,000.00 figure to be appropriate and reasonable. (Id.).
 {¶ 21} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. R.C. 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support.
 {¶ 22} Ohio courts have determined that earning ability involves "both the amount of money one is capable of earning by his or her qualifications, as well as his or her ability to obtain such employment." Haniger v. Haniger (1982),8 Ohio App.3d 286, 288. When considering the relative earning abilities of the parties in connection with an award of spousal support, Ohio courts do not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money a "person could have earned if he made the effort." Beekman v. Beekman (August 15, 1991), Franklin App. No. 90AP-780, 6, unreported.
 {¶ 23} Because R.C. 3105.18(C) permits inquiry into a party's earning potential, Ohio courts often impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential. See, e.g., Frost v. Frost (1992),84 Ohio App.3d 699; Haniger, supra; Beekman, supra;Gillingham v. Gillingham (May 28, 1992), Montgomery App. No. 12766, unreported. Accordingly, even if it is determined that a party has no income, a court can impute income based on the party's earning ability. Miller v. Miller (Dec. 28, 1994), 2nd Dist. No. 14540.
 {¶ 24} In the case at bar, the trial court utilized a figure lower than the figure appellant had admitted for his three year average income. Although appellant argues that his income was not typical during at least one of the preceding years, the trial court further found that appellant was not working at full capacity.
 {¶ 25} We find that the court did not err in determining appellant's income for purposes of spousal support. See, Whartonv. Wharton, 5th Dist. No. 02 CA 83, 2003-Ohio-3857 at ¶ 16-17.
 III. IV. {¶ 26} In his third and fourth assignments of error, appellant contends the amount and duration of spousal support was an abuse of discretion. Appellant alleges that the award of spousal support was made without considering the statutory factors that it was not reasonable and appropriate and was against the manifest weight of the evidence. Appellant's arguments regarding spousal support will be dealt with together.
 {¶ 27} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. R.C. 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support.
 {¶ 28} A trial court's decision not to acknowledge all evidence relative to each and every factor listed in R.C.3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649. In Watkins v. Watkins, Muskingum App. No. CT 2001-0066, 2002-Ohio-4237, this court noted as follows: ". . . Unlike the statute concerning property division, R.C. 3105.18
does not require the lower court to make specific findings of fact regarding spousal support awards. R.C. 3105.18 (C) (1) does set forth fourteen factors the court must consider, however, in determining if spousal support is appropriate and reasonable. If the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. Cherry v. Cherry (1981),66 Ohio St. 2d 348, 356, 421 N.E. 2d 1293." Id. at ¶ 21; Cronebach v.Cronebach (March 8, 2004), Ashland App. No. 03-COA-030 at ¶ 35.
 {¶ 29} R.C. 3105.18(C) (1) provides as follows:
 {¶ 30} "(C) (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 31} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 32} Appellant first argues that the trial court failed to consider Appellee's college degree, the lack of contribution by appellee to appellant's professional degree and appellee's refusal to work during the marriage.
 {¶ 33} In the case at bar, the magistrate stated "[t]he defendant-Wife is 55 years old and has an undergraduate degree in education dating back to 1969; her certificate to teach has expired." (Magistrate's Findings of Fact and Conclusions of Law and Decision, filed Feb. 26, 2003 at 13, ¶ 7). Accordingly, the court did consider the appellee's college degree.
 {¶ 34} The magistrate further found "[a]fter their first child was born, the Defendant-Wife became a stay-at-home mother and homemaker. After both children were born the Defendant-Wife worked part-time, with childcare offered by her mother. After the parties relocated to Arizona, the Defendant-Wife never again worked outside the home. Defendant-Wife assisted her Plaintiff-Husband in his career by entertaining business and social colleagues, caring for the house and raising the children." (Id. at ¶ 12). The trial court modified the magistrate's decision and imputed $20,000.00 per year income to appellee. (Judgment Entry Overturning Magistrate's Decision in Part and Upholding Magistrate's Decision in Part, filed Oct. 6, 2003 at 3).
 {¶ 35} Accordingly, the court did consider the contribution by appellee to appellant's professional degree and profession and appellee's work history during the marriage.
 {¶ 36} Appellant next argues that the court's use of a FinPlan software program to analyze the tax factors and assess the after-tax cash of each party does not disclose the basis for the inputs used by the court.
 {¶ 37} The magistrate in the case at bar noted the following "[a]t $100,000.00, Plaintiff-Husband had sufficient income to warrant the Temporary Order obligations of $2,000.00 per month (modified by Agreement 3-1-01 to $1,775) plus processing fee, spousal support and $839 per month mortgage, one-half of real estate taxes(after use of trust account tax refund money and insurance." (Magistrate's Findings of Fact and Conclusions of Law and Decision, filed Feb. 26, 2003 at 13, ¶ 19). Both the magistrate and the trial court conducted two (2) analyses using the FinPlan software. Each court used an analysis attributing an annual income of $100,000.00 to appellant. In the second analysis the magistrate attributed an income of $19,000.00 to appellee and the trial court attributed an income of $20,000 to appellee. As previously addressed the record establishes the figures used.
 {¶ 38} In the case at bar, the magistrate filed a fifteen (15) page findings of fact and conclusions of law. The entry sets forth a table detailing the assets and debts of the parties, ascribing a value to each asset, liability and debt of the parties and divided the property listing the value to be given to each party. The magistrate gave facts to support the findings and that she considered the factors set forth in R.C. 3105.18(C) (1) (a) thru (n).
 {¶ 39} The trial court in the case at bar, overturned parts of the magistrate's findings in its ten (10) page decision. The decision contains ample evidence that the trial court did consider the factors set forth in R.C. 3105.18(C) (1) (a) thru (n).
 {¶ 40} In the case at bar, we find no abuse of discretion in the trial court's actions. In our review of the Magistrate's decision we find that the appropriate rules of law were applied to the factual findings. The trial court had a sufficient basis upon which to analyze the issues and to apply appropriate rules of law in reaching its decision to overturn in part and to adopt in part the Magistrate's decision and to issue and order for divorce in accordance with those recommendations including an award of spousal support.
 {¶ 41} Appellant's third and fourth assignments of error are overruled.
 V. {¶ 42} In his fifth assignment of error, appellant argues that the trial court abused its discretion by not crediting him with one-half of the $20,475.00 in the parties joint savings account that appellee spent after the filing of the divorce action. We disagree.
 {¶ 43} A review of the trial court's division of marital property is covered by the abuse of discretion standard. Martinv. Martin (1985), 18 Ohio St. 3d 292. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St. 3d 128. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore, supra.
 {¶ 44} R.C. 3105.171 (C) mandates an equal division of marital property, unless such would be inequitable under the circumstances. In dividing marital assets, and in deciding whether to order an unequal award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171
(F). The trial court must address the statutory factors in making a decision. Neel v. Neel (1996), 113 Ohio App. 3d 24, 32.
 {¶ 45} The evidence at trial indicates that the bank account in question was maintained solely in the name of appellee prior to the divorce. (T. at 251-52; 305). The testimony at trial established that appellee used this money for prescription drugs, living expenses and legal fees cause by the divorce. (Id. at 254; 256-57; 301-02; 306-7; 347).
 {¶ 46} There is no evidence that the funds used by appellee were spent frivolously or that any funds remained in the account at the time of trial.
 {¶ 47} Under the totality of the circumstances, we do not find that the trial court abused its discretion concerning the $20,475.00.
 {¶ 48} Appellant's fifth assignment of error is overruled.
 {¶ 49} For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, Ohio, is affirmed. Costs to appellant.