DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Vickie Crookston, appeals from the judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, which found that appellee, Keith Vanhorn, was not underemployed and, therefore, utilized his then-current base pay to calculate appellee's child support obligation. This Court reverses.
 I. {¶ 2} Appellant and appellee are the parents of a child, B.W., born April 22, 1988. The parties were never married, and the child has at all times resided with appellant. A parentage action was filed in 1988, and appellee has been obligated to pay child support for the benefit of the child since the determination of paternity.
 {¶ 3} On July 21, 2003, the Summit County Child Support Enforcement Agency ("CSEA") conducted an administrative hearing pursuant to R.C. 3119.63. The CSEA hearing officer found that appellee was currently employed, earning a base annual salary of $39,000.00 (at $18.75 per hour), plus consistent overtime at a rate of time-and-a-half. Although appellee refused to provide tax returns to CSEA, appellee's employer provided information establishing that appellee earned $58,857.02 in 2001 with overtime and $63,211.89 in 2002 with overtime. The hearing officer noted in her recommendation to modify child support that appellee testified that he refused to work overtime anymore "because he feels that there is no monetary benefit to him due to the increased amount of his child support to be paid and the government increases in taxes." The hearing officer noted that appellee objected to the inclusion of overtime pay in his annual income.
 {¶ 4} The CSEA hearing officer found that appellee had established a pattern of conduct by consistently working overtime and that his refusal to continue to do so constituted a voluntary change in income which could not be considered as a basis for modification of his child support obligation. The hearing officer found that including past and current overtime in calculating appellee's income was in the best interest of the child. The hearing officer recommended that appellee's child support obligation be increased to $567.36 per month, plus 2% processing fee.
 {¶ 5} On October 27, 2003, appellee requested that the Domestic Relations court review the administrative child support order. On March 22, 2004, before the trial court had conducted its review of the administrative child support order, appellee moved for a modification of child support. On April 26, 2004, the magistrate conducted a hearing to review the administrative child support order of October 14, 2003 and various pending motions of the parties, including appellee's motion for a modification of child support.
 {¶ 6} At the hearing before the magistrate, neither appellant nor appellee testified, relying instead on the arguments of counsel. The CSEA hearing officer attended the hearing. Although she was not sworn in as a witness, she reported that appellee had testified before her that he would quit his job to find a lower paying job and voluntarily stop working overtime to avoid an obligation to pay additional support based on his then-current income.[1]
 {¶ 7} On June 25, 2004, the magistrate issued her decision, finding that appellee had voluntarily quit his previous job, taking a new job which paid $17.5470 per hour without the possibility of overtime. Appellee had claimed that his previous employer was laying workers off, although appellee was not laid off. Appellee also claimed that his new job offered better benefits.
 {¶ 8} The magistrate found that appellee's change in employment constituted a voluntary reduction in income. Based on that finding, the magistrate overruled appellee's objection to the administrative support order. Appellee then objected to the magistrate's decision.
 {¶ 9} The trial court sustained appellee's objections, finding that appellee's decision to take a new job where overtime was not available did not constitute underemployment. Because the trial court found that appellee was not underemployed, it used appellee's actual base income at the time of appellee's filing his motion to modify child support in its calculation of child support. Finding that appellee's child support obligation did not represent the requisite 10% change from the current support order, the trial court found that no modification was warranted. The trial court ordered that appellee's child support obligation was to remain at $346.67 per month. Appellant timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in finding defendant was not voluntarily underemployed when defendant quit his job and procured alternative employment with lesser income for the express purpose of avoiding the overtime at his original job so he could dispute the increase in support recommended by CSEA[.]"
 {¶ 10} In her sole assignment of error, appellant argues that the trial court erred when it found that appellee was not underemployed, so that it could not impute to appellee the income he had earned in recent years. This Court agrees.
 {¶ 11} This Court reviews matters involving child support under an abuse of discretion standard of review. Swank v. Swank
(Feb. 19, 2003), 9th Dist. No. 21207. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. In fact, this Court should not reverse the factual findings of the trial court, where there is "some competent and credible evidence" in support of the trial court's findings. Huff v. Huff (Mar. 19, 2003), 9th Dist. No. 20934, citing Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 355.
 {¶ 12} R.C. 3119.01(C)(5) defines "income" as either of the following:
"(a) For a parent who is employed to full capacity, the gross income of the parent;
"(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."
 {¶ 13} Whether or not a parent is underemployed is a question of fact for the trial court. Bender v. Bender (July 18, 2001), 9th Dist. No. 20157, citing Rock v. Cabral (1993),67 Ohio St.3d 108, 112. In this case, there is no competent, credible evidence to support a finding that appellee was not underemployed.
 {¶ 14} Appellant left his employment at Gauer Mold Machine Co. ("Gauer Mold") for a job at BWX Technologies, Inc., where he began earning approximately $1.20 per hour less and had no opportunity for the overtime which he had worked consistently during the past several years. The trial court relies on appellee's counsel's assertions that appellee began working the new job, because that job offered greater security and better benefits. There is no evidence in the record, however, to establish that appellee's employment at Gauer Mold was in jeopardy. Further, there was no evidence presented that his current employer offered better benefits or how those benefits might surpass his prior benefits.
 {¶ 15} There was evidence in the record, however, that appellee had not left his job at Gauer Mold at the time of the administrative child support hearing. At that hearing, appellee testified that he would quit his job and find a lower paying job for the express purpose of avoiding a higher child support obligation commensurate with his then-current income. The hearing officer reported that appellee expressly stated that he would not pay the additional support that the hearing officer would recommend based on appellee's then-current income. This Court can only find that such intent to circumvent a child support obligation is not in the best interest of the child.
 {¶ 16} Prior to the administrative hearing, appellee had demonstrated a willingness and ability to earn a consistently much greater income than the income he began earning at BWX after he quit his employment at Gauer Mold. There is no dispute that appellee voluntarily left his employment at Gauer Mold for employment at BWX. There is further no evidence to rebut appellee's testimony at the administrative hearing that he would seek a lower paying job to avoid paying additional child support. Because appellee demonstrated both a history of earning significantly more than he began earning upon commencement of new employment, as well as an intent to thwart the purpose of providing child support in an amount which would be in the best interest of his child, this Court finds that appellee cannot be said to be working to full capacity.
 {¶ 17} This Court makes such a finding based on the very specific facts on this case. Specifically, where, after the recommendation by CSEA that an obligor-parent's child support obligation should be increased, that parent asserts an intention to quit his job rather than abide by the recommendation to pay more support and in fact does quit his job, a trial court does not abuse its discretion by finding that the parent is underemployed. This Court clarifies that we are not holding that an obligor-parent may be compelled to work overtime or that an obligor-parent's mere refusal to work overtime may result in a finding that the parent is underemployed for the purpose of calculating child support.
 {¶ 18} Under the specific facts of this case, appellee can only be said to be underemployed under these circumstances. Accordingly, this Court finds that the trial court abused its discretion when it found that appellee was not underemployed. Appellant's assignment of error is sustained.
 III. {¶ 19} Appellant's sole assignment of error is sustained. Accordingly, the judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, which found that appellee was not underemployed is reversed. The matter is, therefore, remanded to the trial court for a determination of appellee's income pursuant to R.C. 3119.01(C)(5)(b), i.e., imputed income, and calculation of an appropriate child support order.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Moore, J. concurs.
[1] Although the hearing officer did not make these statements under oath, there is no evidence to indicate that appellee contested or objected to these assertions regarding his prior testimony at the administrative hearing.