DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Gerald A. Schieve, appeals a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that modified his spousal support obligation to Appellee, Judith J. Schieve. We reverse.
 {¶ 2} Husband and Wife divorced on September 30, 2003, after thirty-nine years of marriage. During the marriage, Husband owned an automobile body repair business and wife worked for the business part-time as a bookkeeper. She also worked as a part-time receptionist for a beauty salon. In the divorce decree, the trial court determined that the parties' income should be equalized, concluding that "[a]fter more than thirty-nine years of marriage, the wife is entitled to *Page 2 
maintain the same standard of living as the husband, even if it means that both parties may experience a reduction in their standards of living in order to support two households." The trial court awarded Wife $2,650.00 per month as spousal support based on the assumption that she would continue to work for Husband's business and noted that "a change in the wife's employment status at Shieve Company, Inc. shall constitute a change in circumstances warranting a modification of spousal support."
 {¶ 3} Wife's employment with Husband's business ended on November 1, 2003. On November 26, 2003, Wife moved to modify Husband's spousal support obligation. The trial court stayed further proceedings on her motion while Husband's appeal from the final judgment and decree of divorce was pending before this Court. On August 8, 2004, we dismissed Husband's appeal for lack of a final appealable order. Husband filed a second appeal and, on September 30, 2005, this Court affirmed, concluding that the trial court did not abuse its discretion in determining the amount of Husband's spousal support obligation.Schieve v. Schieve, 9th Dist. No. 05CA0037-M, 2005-Ohio-5190, at ¶ 12. The trial court resumed action on Wife's motion to modify, and the parties appeared before the magistrate on April 30, June 23, and June 30, 2006.
 {¶ 4} On March 1, 2007, the magistrate issued a decision concluding that Husband terminated Wife's employment because she failed to perform the services required of her. Noting that Wife also left her employment as a *Page 3 
receptionist voluntarily and had not obtained other employment since filing her motion to modify in 2003, the magistrate found that Wife was voluntarily underemployed and imputed income to her in the amount of $19,700.00 per year. The magistrate concluded that Husband's spousal support obligation should be reduced to $1,900.00 per month. Wife filed timely objections to the magistrate's decision, and the parties appeared before the trial court on June 8, 2007, for a hearing on the objections. On July 31, 2007, the trial court overruled the magistrate's decision, concluded that Wife was not voluntarily underemployed, and increased Husband's spousal support obligation to $2,750.00 per month. Husband timely appealed.
 ASSIGNMENT OF ERROR I "The [trial court] erred and committed an abuse of discretion in finding that [Wife] is not voluntarily underemployed for purposes of spousal support."
 {¶ 5} Husband's first assignment of error challenges the trial court's determination that Wife's lost employment did not result in voluntary underemployment for purposes of determining his spousal support obligation. Specifically, Husband maintains that he terminated her employment for cause and that she voluntarily resigned from her other employment for personal reasons. Husband does not dispute that a change in circumstances has occurred. His argument in this appeal is that the change in circumstances warranted a reduction rather than an increase in his spousal support obligation. *Page 4 
 {¶ 6} This court reviews a trial court's decision regarding modification of spousal support under an abuse of discretion standard.Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 4. Accordingly, a party must demonstrate not merely an error of law or judgment, but that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. See, also, Riley v. Riley, 9th Dist. No. 22777, 2006-Ohio-656, at ¶ 9, quoting Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 7} R.C. 3105.18 requires a two-step analysis before an award of spousal support may be modified. Leighner v. Leighner (1986),33 Ohio App.3d 214, 215. The first step, which is jurisdictional, requires the trial court to determine whether the original divorce decree provided continuing jurisdiction to modify the spousal support award. R.C.3105.18(E). If so, the trial court must determine whether the circumstances of either party have changed. Id. Once a trial court has determined that it retains jurisdiction to modify an award of spousal support, it must consider whether the award should be modified.Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, at ¶ 12. This step requires the court to reevaluate the existing support order, with reference to the factors set forth in R.C. 3105.18(C), to determine what level of spousal support is appropriate and reasonable.Pointinger v. Pointinger, 9th Dist. No. 22240, 2005-Ohio-2680, at ¶ 16, citing Leighner, 33 Ohio App.3d at 215. *Page 5 
 {¶ 8} R.C. 3105.18(C)(1)(b) requires a court to consider "[t]he relative earning abilities of the parties" in determining an appropriate level of spousal support. Earning ability includes the amount of money that a party may earn by virtue of his or her qualifications with consideration for the party's ability to obtain employment. Haninger v.Haninger (1982), 8 Ohio App.3d 286, 288. "Ohio courts do not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money a `person could have earned if he made the effort.'" Carroll v. Carroll, 5th Dist. No. 2004-CAF-05035, 2004-Ohio-6710, at ¶ 22, quoting Beekman v. Beekman
(Aug. 15, 1991), 10th Dist. No. 90AP-780, at *6. R.C. 3105.18(C)(1)(b), therefore, allows income to be imputed to parties who are voluntarily underemployed. See Abbott v. Abbott, 6th Dist. No. F-06-020,2007-Ohio-5308, at ¶ 43. See, also, Streza v. Streza, 9th Dist. No. 05CA008644, 2006-Ohio-1315, at ¶ 16; Ranz v. Ranz (1988),51 Ohio App.3d 66, 69. Although not set forth explicitly with respect to spousal support, considerations relevant to a determination of voluntary underemployment for purposes of child support are instructive. SeeMoore v. Moore, 12th Dist. No. CA2006-09-066, 2007-Ohio-4355, at ¶63-65. One such consideration is the circumstances under which a party changed or left employment. See, e.g., Crookston v. Vanhorn, 9th Dist. No. 22396, 2005-Ohio-4081, at ¶ 14; Vujovic v. Vujovic, 9th Dist. No. 04CA0083-M, 2005-Ohio-3942, at ¶ 46-47; Adams v. Adams, 9th Dist. No. 21775, 2004-Ohio-3563, at ¶ 10-12. Courts may also *Page 6 
consider the education and training of the party and her ability to seek or maintain employment. See, e.g., Bucalo v. Bucalo, 9th Dist. No. 05CA0011-M, 2005-Ohio-6319, at ¶ 56.
 {¶ 9} There is conflicting evidence regarding the circumstances surrounding Wife's unemployment. At the time of the divorce, the parties chose to maintain their employer-employee relationship. Husband and Wife each testified that shortly after the divorce, Husband required Wife to set a fixed schedule of twenty-five hours per week in order to maintain her health benefits. Both also agreed that this had not been a requirement in the past, but Husband testified that a fixed schedule was necessary because the two were no longer in regular communication as a married couple. Wife admitted that she received Husband's request that she establish a working schedule, but testified that she did not do so because of other time commitments. Husband terminated Wife's employment. Wife testified that she did not apply for unemployment compensation because she thought that part-time employees were ineligible.
 {¶ 10} With respect to her employment with Michael's Salon as a receptionist, Wife testified that she "had to take some time off in March 2005 because of her mental and emotional state following the divorce. Although Wife explained that the owner of the salon wanted changes in the workplace, she emphasized that the decision to leave the job was her own:
 "The time I took off was for health reasons, and [the owner] did get the computer, and I was doing it, but she wanted to change it into *Page 7 
more of a high-tech, youth-oriented establishment. I worked there six years, and I liked it the old way, and I didn't lose my job. I chose to take some time off because then I wanted to go to take computer classes at the high school. You know, I can do it, but I'm not fast enough."
Wife conceded that she had not taken the computer classes. She testified that she was sixty-one years old at the time of the hearing and that she had a high school education. She stated that she had "been a wife and mother [her] whole life," but also had work experience as a bookkeeper, a receptionist, and a waitress.
 {¶ 11} The trial court sustained Wife's objection to the magistrate's conclusion that this evidence demonstrated voluntary underemployment:
 "Finding [Wife] underemployed does not align with the facts. [Husband] terminated [Wife] from her job as bookkeeper. [Wife] is sixty-two years old with numerous medical conditions requiring treatment and medication, and lacks the basic skills to operate a computer. Someone with [Wife's] conditions and skill set entering the workplace at her age is going to have an extremely difficult time finding employment. As such, [Wife] is not voluntarily underemployed and should not be imputed any income."
This Court agrees with Husband that the trial court's conclusion cannot be reconciled with the evidence in the record, including Wife's admissions that Husband terminated her employment because she refused to schedule her working hours and that she voluntarily left her second job. Husband's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "Because the [trial court] erred in not finding that [Wife] is voluntarily underemployed, the [trial court] also erred and committed an abuse of discretion in not imputing income to [Wife], *Page 8 
for purposes of spousal support, in an amount equal to her income from her employment."
 {¶ 12} Husband's second assignment of error maintains that the trial court abused its discretion by sustaining Wife's objection to the imputation of income for purposes of spousal support. Having determined that the magistrate incorrectly found that Wife was voluntarily underemployed, the trial court concluded, "[i]n the instant case, [Wife] should not have been found to be voluntarily underemployed. Therefore, imputing any income to [Wife] is not required." Because the trial court abused its discretion by sustaining Wife's objection to the magistrate's decision with respect to voluntary underemployment, it follows that the trial court abused its discretion by sustaining this objection on the same basis. Husband's second assignment of error is sustained.
 {¶ 13} Husband's assignments of error are sustained. The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into *Page 9 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
MOORE, J.
CONCURS