OPINION *Page 2 
{¶ 1} Appellant Billy Michael Shreyer appeals the decision of the Fairfield County Court of Common Pleas, Domestic Relations Division, which granted a divorce between appellant and Appellee Cheryl Ann Shreyer. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married in Baltimore, Ohio, on June 21, 1969. Two children, now emancipated, were born of the marriage. On May 12, 2006, appellee filed a complaint for divorce. Appellant subsequently filed an answer and counterclaim. In lieu of commencing trial, the parties negotiated a written separation agreement which was signed on May 11, 2007. The separation agreement did not include a resolution of the issue of spousal support; hence, this issue was tried to a magistrate on May 14, 2007.
 {¶ 3} The magistrate issued a decision on July 17, 2007, approving the separation agreement and recommending an order of spousal support to be paid by defendant-appellant in the amount of $750.00 per month, effective May 11, 2007. The magistrate further found as follows: "The Magistrates (sic) Finds that Spousal Support shall be for an indefinite term. Spousal support shall terminate if the Plaintiff remarries, cohabitates with another person, dies[,] or the Defendant dies. The Court reserves jurisdiction in order to modify the amount of spousal support, but not the term." Decision at 2.
 {¶ 4} Appellant thereafter filed an objection and supplemental objections to the decision of the magistrate, to which appellee filed a memorandum in opposition. On January 11, 2008, the trial court issued a judgment entry overruling appellant's *Page 3 
objections and approving the decision of the magistrate. A final decree of divorce was filed on February 11, 2008.
 {¶ 5} On March 11, 2008, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN FAILING/REFUSING TO CONSIDER THE VALUE OF THE APPELLEE'S EMPLOYMENT BENEFITS IN THE DETERMINATION OF SPOUSAL SUPPORT.
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN FAILING/REFUSING TO CONSIDER THE COST TO THE APPELLANT OF COBRA COVERAGE IN THE DETERMINATION OF SPOUSAL SUPPORT.
 {¶ 8} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY CONSIDERING MARITAL FAULT AS A FACTOR WITH REGARD TO AN AWARD OF SPOUSAL SUPPORT.
 {¶ 9} "IV. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY MAKING THE SPOUSAL SUPPORT MODIFIABLE AS TO AMOUNT, BUT NOT THE TERM."
 I., II. {¶ 10} In his First and Second Assignments of Error, appellant contends the trial court erred in failing to consider, in its calculation of spousal support, the value of appellee's employment benefits and the cost of appellant's COBRA insurance coverage. *Page 4 
 {¶ 11} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. See Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 12} R.C. 3105.18(C)(1)(a) thru (n) provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support:
 {¶ 13} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 14} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any *Page 5 
party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 15} Unlike the statute concerning property division, R.C. 3105.18
does not require the lower court to make specific findings of fact regarding spousal support awards. While R.C. 3105.18(C)(1) does set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. Carroll v. Carroll, Delaware App. No. 2004-CAF-05035,2004-Ohio-6710, ¶ 28, citing Watkins v. Watkins, Muskingum App. No. CT 2001-0066, 2002-Ohio-4237, (additional citations omitted). In the case sub judice, the magistrate nonetheless thoroughly articulated the spousal support issues before him, issuing a single-spaced, eight-page decision largely focused on said topic. The magistrate noted that the parties were married for nearly thirty-eight years, and that appellant, age 58, has been involved in the home improvement and construction business for more than thirty years. The magistrate found that while his 2006 income was $62,402.00, a more appropriate figure would be a three-year average of $46,884.66 in annual income. Appellant argued to the court that he has scaled back on some of his projects due to arthritis and aging. The magistrate *Page 6 
also reviewed the evidence regarding the parties' marital residence and two rental properties, which will be split between the parties per the separation agreement.
 {¶ 16} The magistrate also found that appellee, age 57, has been employed as a secretary by the Pickerington School District since 2003; her 2006 gross income was found to be $39,320.00. She also worked for seventeen years for the Fairfield County Board of Education. Both of these jobs involve participation in the School Employees Retirement System (S.E.R.S.). Earlier in the marriage, appellee did bookkeeping work for appellant's construction businesses on a non-salaried basis. Appellee has had several health problems, including surgery for breast cancer and cataracts.
 {¶ 17} The gist of appellant's argument is that factoring in the public-employee health benefits to appellee and the future cost of appellant's post-marriage COBRA benefits would nearly equalize each party's "income" to approximately $51,000, and that the purported failure or refusal to consider same constitutes reversible error. However, we indulge in the presumption the court considered all the statutory factors (Carroll, supra), and we are unpersuaded upon review of the record that the court abused its discretion in awarding spousal support, with a reservation of jurisdiction as to amount, of $750.00 per month to appellee upon the termination of this long-term marriage.
 {¶ 18} Appellant's First and Second Assignments of Error are overruled.
 III. {¶ 19} In his Third Assignment of Error, appellant contends the trial court erred in considering marital fault in awarding appellee spousal support.
 {¶ 20} The parties in the case sub judice were divorced on grounds of adultery by appellant and the incompatibility of the parties. See Decree at 2; R.C. 3105.01(C) and *Page 7 
(K). The court naturally made several references, via the approval of the magistrate's decision, to appellant's infidelity in the context of grounds for divorce. Appellant takes particular aim at the following paragraph in the magistrate's decision:
 {¶ 21} "It is clear, but for the Defendant's infidelity, the parties would have continued towards retirement, or at least semi-retirement. The Plaintiff would have retired about three years from now at age 60 with over 25 years of public service. The Defendant would have continued to earn an average of $46,884 and maintained his place of employment at the marital property. The parties would have continued to have rental income of over $10,000 per year. They would have lived comfortably with the occasional vacation together and a couple golf outings by the Defendant. This is no longer the parties' future." Decision at 7.
 {¶ 22} Assuming arguendo, this was part of the trial court's specific consideration of the spousal support factors, we are unpersuaded that reversible error has been demonstrated, as marital misconduct may be a relevant factor in determining spousal support. See, e.g., Perorazio v.Perorazio (March 17, 1999), Columbiana App. No. 96 CO 60, citingZimmie v. Zimmie (1984), 11 Ohio St.3d 94, 464 N.E.2d 142.
 {¶ 23} Appellant's Third Assignment of Error is overruled.
 IV. {¶ 24} In his Fourth Assignment of Error, appellant contends the trial court erred and abused its discretion by making spousal support modifiable in the future as to amount, but not as to term.
 {¶ 25} R.C. 3105.18(E) mandates that a trial court must specifically reserve jurisdiction in its divorce decree or a separation agreement incorporated into the decree *Page 8 
in order to modify a spousal support award. The decision of whether to retain such jurisdiction is a matter within the domestic relations court's discretion. Smith v. Smith (Dec. 31, 1998), Lucas App. No. L-98-1027, citing Johnson v. Johnson (1993), 88 Ohio App.3d 329, 331,623 N.E.2d 1294.
 {¶ 26} In Wharton v. Wharton, Fairfield App. No. 02 CA 83, 2003-Ohio-3857, ¶ 10, we rejected an appellant-husband's challenge to a trial court's ruling that ordered both "permanent" spousal support and that the award be subject to further court review. Appellant herein provides no case law in contravention of our holding inWharton.[1] Appellant's Fourth Assignment of Error is therefore overruled.
 {¶ 27} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is affirmed.
Costs assessed to appellant.
[1] The cases cited in appellant's reply brief focus on the issue of reservation of jurisdiction when spousal support is set at $0 or when a triggering event subsequently occurs. We find these cases are not on point in the present assigned error. *Page 1