[Cite as *Sager v. Sager*, 2026-Ohio-749.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TREVOR A. SAGER, | Case No. CT2025-0060 |
| Plaintiff - Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Domestic Relations Division, Case No. DA2023-0373 |
| MELLISSA N. SAGER, | |
| Defendant - Appellee | Judgment: Affirmed |
| | Date of Judgment Entry: March 5, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** JEANETTE MOLL, for Plaintiff-Appellant; HANNA WAGNER, for Defendant-Appellee.

*Baldwin, P.J.*

**{¶1}** The appellant, Trevor A. Sager, appeals the judgment entered by the Muskingum County Court of Common Pleas, Domestic Relations Division, granting spousal and child support. The appellee is Mellissa N. Sager.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** The appellant and the appellee were married on November 17, 2003. They have one minor child. The appellant filed a Complaint for Divorce on June 7, 2023.

**{¶3}** On July 12, 2023, the appellee filed an Answer.

**{¶4}** The trial court issued a series of temporary orders establishing spousal and child support in September 2023.

{¶5}   The trial court held a final hearing on April 19, 2024, and issued a Decree of Divorce on May 19, 2025.

{¶6}   In the final decree, the trial court ordered a staged set of obligations tied to the sale of the marital residence and the duration of the child support obligation. The trial court divided the marital property and debts in accordance with the parties' agreement, the marital residence was ordered to be immediately listed with a realtor agreed to by the parties, and if the property did not sell within one year, then the property would be sold at auction, with the proceeds to be divided equally. The decree further ordered the appellant to pay all expenses associated with the marital residence totaling $3,551 per month, and that the appellee and minor child may reside in the marital residence until the property is sold. Child support shall be $927.11 per month until the sale of the marital residence. Spousal support shall commence following the sale of the marital residence in the amount of $2,000 per month and continue until the termination of child support. Child support after the sale of the marital residence shall be $669.84 per month. After the termination of child support, the appellant shall pay spousal support in the amount of $3,000 per month.

{¶7}   The appellant filed a timely notice of appeal and herein raised the following three assignments of error:

{¶8}   "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN ITS ORDER OF SPOUSAL SUPPORT AND CHILD SUPPORT IN THE AMOUNTS AND DURATION, AS THE ORDERS ARE UNFAIR, INEQUITABLE, UNREASONABLE AND EXCESSIVE."

**{¶9}** "II. THE TRIAL COURT FAILED TO SET FORTH SUFFICIENT DETAIL TO DETERMINE THE APPROPRIATENESS AND REASONABLENESS OF THE AWARD OF SPOUSAL SUPPORT FOLLOWING THE SALE OF THE MARITAL RESIDENCE."

**{¶10}** "III. THE INDEFINITE DURATION OF THE TRIAL COURT'S AWARD OF SPOUSAL SUPPORT IS NEITHER APPROPRIATE NOR REASONABLE."

**I., II., III.**

**{¶11}** In his first, second, and third assignments of error, the appellant challenges the amount and duration of the trial court's spousal-support and child support orders as "unfair, inequitable, unreasonable and excessive," the sufficiency of the decree's explanation supporting the post-sale spousal support, and the indefinite duration of the spousal-support award. We disagree.

**STANDARD OF REVIEW**

**{¶12}** A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. *See Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990). Similarly, child support is reviewed under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142 (1989). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). "Although a trial court has discretion when fashioning its spousal support award, it does not have discretion to disregard the statutory mandates that control spousal support." *Palazzo v. Palazzo*, 2016-Ohio-3041, ¶21 (9th Dist.). Nonetheless, R.C. 3105.18 does not require the lower court to make specific findings of fact regarding spousal support awards. While R.C. 3105.18(C)(1) does

set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. *Carroll v. Carroll*, 2004-Ohio-6710, ¶28 (5th Dist.), citing *Watkins v. Watkins*, 2002-Ohio-4237, ¶21 (5th Dist.). Similarly, "[w]hen a trial court indicates that it has reviewed the appropriate statutory factors there is a strong presumption that the factors were indeed considered." *Mavity v. Mavity*, 2002-Ohio-556, *6 (12th Dist.).

## ANALYSIS

{¶13} R.C. 3105.18(C)(1)(a) thru (n) provides factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support:

(a)    The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b)    The relative earning abilities of the parties;

(c)    The ages and the physical, mental, and emotional conditions of the parties;

(d)    The retirement benefits of the parties;

(e)    The duration of the marriage;

(f)    The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g)    The standard of living of the parties established during the marriage;

(h)    The relative extent of education of the parties;

(i)     The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j)     The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k)     The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l)     The tax consequences, for each party, of an award of spousal support;

(m)    The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n)     Any other factor that the court expressly finds to be relevant and equitable.

{¶14} When determining child support, the trial court is required to presume the correctness of the resulting obligation unless it is unjust or inappropriate and not in the best interest of the child. R.C. 3119.03, R.C. 3119.22.

{¶15} The record reflects that the trial court's judgment entry staged spousal support. The obligation and amount of spousal support was contingent upon the sale of the marital residence and their minor child reaching an age of majority. The decree treated the pre-sale expense payments as part of the case's overall property and support structure and explicitly delayed the payment of spousal support until after the residence was sold. The listed expenses do not cover all of a child's needs. Since the appellee is unable to work and has no income of her own, the minor child is reliant on the appellant

to pay all of her expenses until the sale of the marital residence triggers the appellant's spousal support obligation. As such, the trial court did not abuse its discretion in deciding not to deviate from the guideline amount.

{¶16} The trial court also noted that the appellant has an annual income of $86,473.92 and noted some employment-related benefits, such as a modest per diem for lodging, meals, and fuel for a company vehicle. These facts, combined with the appellee's lack of income and inability to work, led the trial court to order the appellant to pay a higher portion of his income to the appellee. We do not find this to be unreasonable, arbitrary, or unconscionable.

{¶17} The trial court's decree stated that it considered all of the relevant factors pursuant to R.C. 3105.18(C)(1) and noted facts supporting its decision, most significantly, the appellee's medical expenses and lack of income. Furthermore, the trial court retained continuing jurisdiction to modify the obligation and ordered the appellee to immediately produce a copy of all decisions pertaining to her disability application. This is sufficient to permit appellate review under an abuse-of-discretion framework.

{¶18} Finally, the appellant contends that an indefinite spousal support award is neither appropriate nor reasonable. In its decree, the trial court noted that the appellant and the appellee were married for almost twenty-two years, the appellee's prolonged health issues began in 2017, and testimony from the appellee, her mother, her physician, and her physical therapist led to the trial court's finding that she is unable to work at the time of the decree. The decree retains continuing jurisdiction to modify spousal support and includes termination events. As a marriage of long duration would, by itself, permit a trial court to award spousal support of indefinite duration, we find the trial court in the

instant case did not abuse its discretion by ordering the same. *Handschumaker v. Handschumaker*, 2009-Ohio-2239, ¶21 (4th Dist.). The trial court could reasonably conclude that the length of the marriage and appellee's health and employability concerns warranted a continuing award subject to future modification as circumstances change.

**{¶19}** Accordingly, we find that the trial court did not abuse its discretion in finding that, due to the appellee's health and lack of income, the appellant must pay a larger portion of his income. We also find that the trial court did not abuse its discretion in ordering the appellant to pay spousal support for an indefinite period, given that the parties were married for over twenty years.

**{¶20}** Therefore, the appellant's first, second, and third assignments of error are overruled.

## CONCLUSION

{¶21}  For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Domestic Relations Division, is hereby, affirmed.

{¶22}  Costs to the appellant.

By: Baldwin, P.J.

Montgomery, J. and

Gormley, J. concur.